UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUANA MATA, on her own
behalf and others similarly situated,

    Plaintiff,

v.

Case Number: 6:17-CV-299-ORL-28-DCI

HAWAIIAN COURT HOSPITALITY, LLC,
PINNACLE HOLDINGS X, LLC,
EOC SOLUTIONS, INC.
M&M CLEANING, USA, INC. and
VASANT PATEL, individually,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, was an employee of all Defendants, and brings this action for unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff worked as an hourly laborer for Defendants and performed related, non-exempt activities for Defendant in Seminole and Orange County, Florida.

3. Plaintiff was not paid overtime for all of the hours she worked beyond 40 in a single workweek. In addition, Plaintiff was not paid at least the minimum wage for all hours worked. Plaintiff was employed as a housekeeper for Defendants. Instead, Plaintiff was paid approximately three dollars per room. However, due to the sheer volume of the work assigned to Plaintiff by Defendants, Plaintiff routinely worked more than forty hours per week and Defendants paid

Plaintiff at a rate of pay that was assured to violate both minimum and overtime laws in regards to wages during the period of time that Plaintiff worked for Defendants.

4. Plaintiff was engaged by Defendants to work as a laborer in 2015. As stated above, Plaintiff was a house-keeper for Defendants.

5. Plaintiff was paid what amounted to an hourly wage, not a salary, though Defendants attempted to evade the minimum and overtime wages laws by paying Plaintiff in a piece meal fashion. Plaintiff is not subject to any exemptions under the FLSA.

6. Defendant Vasant Patel owns and operates at least two hotels: *Clarion Inn and Suites at International Drive* and *Red Roof Inn Orlando Convention Center*. Both hotels are located in close proximity to one another. Defendant Vasant Patel required Plaintiff to work at both hotels during each workweek. Defendant Vasant Patel's dual employment technique caused Plaintiff to work more than 40 hours in a single workweek.

7. Defendants EOC Solutions, Inc. and M&M Cleaning, USA, Inc. issued each and every paycheck received by Plaintiff. It is believed that Defendants EOC Solutions, Inc. and M&M Cleaning, USA, Inc. are staffing agencies that provided Plaintiff's services to Defendant Vasant Patel, Hawaiian Court Hospitality, Inc., and Pinnacle Holdings X, LLC, **and it is further believed that EOC Solutions, Inc., and M&M Cleaning, USA, Inc., also functioned as joint employers in regards to Plaintiff(s).**

8. All Defendants violated the FLSA by intentionally issuing Plaintiff two separate checks, one from each hotel, to avoid paying overtime and minimum wages. Although Plaintiff's aggregated time worked is more than 40 hours per workweek, each paycheck shows less than 40 hours and is devoid of overtime premium wages. **Based upon information and belief, it is alleged that the entirety of all Defendants named in this action were, in fact, joint employers**

under the FLSA and that each are, **collectively**, responsible for violations set forth in this complaint.

9. Plaintiff worked for Defendants, **collectively**, in Orange County, Florida.

10. Instead of paying overtime wages, Defendants, **collectively**, circumvented the FLSA by failing to pay Plaintiff wages, though Plaintiff habitually worked up to 45 hours a week or more since her hire.

11. Plaintiff was not always paid time and a half for all hours worked over forty in any given week.

12. As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

13. It is believed that there are similarly situated employees who were also not paid the full extent of their overtime at the correct rate of pay and who were also subject to the exact same unlawful pay practices, i.e. requiring employees to work at both hotels and issuing two separate checks.

14. Plaintiff seeks full compensation, including liquidated damages because Defendants' conduct, **collectively**, in paying two separate paychecks to avoid overtime, was a calculated attempt to extract more additional work out of Plaintiff for the benefit of Defendants, at the expense of Plaintiff, who was being paid less than premium wages under the FLSA.

15. Defendants are each for profit corporations that operate and conducts business in, among others, Orange County, Florida, and is therefore, within the jurisdiction of the Court. Defendants, at all relevant times to this second amended complaint, were Plaintiff's "joint employer" as defined by 29 U.S.C. § 203(d) and 29 CFR 791. Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the hotel

industry as Defendants **HAWAIIAN COURT HOSPITALITY, LLC, and PINNACLE HOLDINGS X, LLC., (owned and wholly controlled by Defendant VASANT PATEL who also directed Plaintiff's employment and is therefore individually liable under the FLSA)** operate as "Clarion Inn and Red Roof Inn" dealing with interstate customers and using computers and credit cards and data transmission lines. This also would include using materials and other resources that do not originate within the State of Florida to operate a facility that is designed to cater to tourist from out of state.

16. Defendant's **EOC SOLUTIONS, INC. and M&M CLEANING, USA, INC., also use computers and data transmission lines as well as materials and other resources that do not originate from within the State of Florida, for the benefit of their clients.**

17. This action is brought under the FLSA to recover from Defendants, collectively, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly employee who worked for Defendants, **collectively**, at any time within the past three (3) years.

18. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Orange County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

19. At all material times relevant to this action, each corporate Defendant were enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendants as well as the sheer size of Defendants' organizations reasonably suggest and otherwise indicate that the Defendants, collectively, are a multi-million-dollar operation that has considerable expertise in the hotel and housekeeping industries. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because

4

Defendants have an annual volume of at least $500,000.00 in revenue and has two or more employees who handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

20. At all material times relevant to this action, Plaintiff worked in her capacity as an employee individually covered by the FLSA. This would include to doing hourly work as a laborer. Plaintiff was not paid a fixed, unchanging salary. Instead, she was paid on an hourly basis and her paychecks fluctuated based on the number of hours worked. Plaintiff was not an exempt employee because she did not receive a fixed salary, as required by the FLSA.

Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendants in any way. Plaintiff did not implement legal compliance measures.

21. At all times relevant to this action, Defendants, collectively, failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants, collectively, for which no provisions was made by Defendants to properly pay Plaintiff for all hours worked during his employment. Plaintiff worked over 40 hours per nearly every week during her employment with Defendants. The off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff and those similarly situated premium wages. Notably, Defendants are in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendants made no provisions to properly record.

22. Defendants, collectively, failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

## **COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION**

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22, above.

24. Plaintiff, and those similarly situated to her, are/were entitled to be paid their regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty. During her employment with Defendants, collectively, Plaintiff, and those similarly situated to her, regularly worked hours for each week in which they were not paid at the correct rate of pay. In Plaintiff's case, she routinely performed labor, at Defendants' specific request for the sole benefit of Defendants, collectively, and was not paid for the hours she worked.

25. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, their correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff, and those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendants' collectively willful violations of the FLSA, Plaintiff, and those similarly situated to her, are entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against all Defendants, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together

with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 15th day of February, 2017,

I hereby swear and affirm that the facts listed above are true and accurate under penalty of perjury.

*Juana M Mata*

Juana Mata

Dated: February 15, 2017

/s/ **W. John Gadd**
W. John Gadd
Fl Bar Number 463061
**Bank of America Building**
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

/S/ **Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com